IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SOWASH, Individually and as Successor In Interest to Anthony Harding,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>    Defendants. | Case No. 25-cv-09630-MMC<br><br>**ORDER GRANTING COUNTY OF SAN MATEO'S MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART VITUITY DEFENDANTS' MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

    Before the Court are two motions:  (1) County of San Mateo's ("County") "Motion to Dismiss Pursuant to 12(b)(6) and (f)," filed November 14, 2025; and (2) CEP America California, dba Vituity ("Vituity"), and Julie Hersk, M.D.'s ("Dr. Hersk") (collectively, "Vituity Defendants") "Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted [FRCP 12(b)(6)]; Motion to Strike [FRCP 12(7)]" (brackets in original), filed November 14, 2025.  Plaintiff Shannon Sowash ("Sowash") has filed opposition to each motion.  The County has filed a reply, as have the Vituity Defendants.  Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

    In her First Amended Complaint ("FAC"), Sowash asserts five Causes of Action, each of which arises from the loss of her son, Anthony Harding ("Harding"), a "heavy user of fentanyl" (see FAC ¶ 11), who died as a result of fentanyl withdrawal in January 2024, three days after he had been arrested and placed in the custody of the County in its Maguire Correctional Facility (hereinafter, "the Jail") (see FAC ¶¶ 1, 10, 27, 29).  As

---

[1] By order filed January 5, 2026, the Court took the matters under submission.

clarified in her opposition to the County's motion, Sowash brings the First through Fourth Causes of Action in her capacity as the successor-in-interest to Harding, and brings the Fifth Cause of Action on her own behalf, i.e., a wrongful death claim.  The Court next considers the arguments made by the moving defendants.[2]

### A. County's Motion to Dismiss

#### 1. First Cause of Action

The First Cause of Action, titled "Violation of 42 U.S.C. Code § 1983 – Fourteenth Amendment – Deliberate Indifference to Serious Medical Needs of Plaintiff and Failure to Protect Him From Harm," is subject to dismissal as against the County, in light of Sowash's concession in her opposition that "the [First Cause of Action] cannot be maintained against the County."  (See Pl.'s Opp. to County's Mot. at 14:21-22.)[3]

#### 2. Second Cause of Action

The Second Cause of Action, titled "Violation of 42 U.S.C. Code § 1983 – Fourteenth Amendment – Inadequate Policies, Customs, and/or Practices Resulting in Deprivation of Medical Care to Mr. Harding and Failure to Protect Him From Harm," is, as discussed below, subject to dismissal as against the County.

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights," Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011), in other words, that "the action that is alleged to be unconstitutional implements or

---

[2] Eight of the eleven defendants named in the FAC have not appeared, and, apparently, have not been served.

[3] Liability under a § 1983 claim brought against an entity cannot be based on a theory of respondeat superior.  See Monell v. Department of Social Services, 436 U.S. 658, 693-94 (1978).  Consequently, the Court does not address herein the County's arguments that, to the extent the First Cause of Action as well as the other Causes of Action brought pursuant to § 1983 are asserted against its employees, those claims are subject to dismissal as well.  See United States v. Viltrakis, 108 F.3d 1159, 1160 (9th Cir. 1997) (holding "[a] party must assert his own legal rights and interests") (internal quotation and citation omitted); In re Grand Jury Subpoenas Dated December 10, 1987, 926 F.2d 847, 852 (9th Cir. 1991) (finding movant "lack[ed] standing to challenge" subpoena served on another individual).

executes a [municipal] policy," see Monell, 436 U.S. at 690.  With respect to four of the six asserted County policies identified in the FAC, however, Sowash alleges that an individual employee of the County and/or of Vituity[4] failed to comply with the County policy.  (See FAC ¶ 29 (alleging individual defendants failed to comply with County policy requiring employees "to respond promptly to medical symptoms presented by [detainees]"), ¶ 31 (alleging individual defendants failed to comply with County policy requiring employees to "alert the Watch Commander that [a detainee] [is] experiencing withdrawal symptoms"), ¶ 32 (alleging individual defendants failed to comply with County policy requiring employees to "evaluate [the detainee] using approved protocols in order to determine the most appropriate care plan, based on [the detainee's] history, current physical status, and treatment needs"); see also FAC ¶ 21 (alleging individual defendants failed to comply with County policy requiring "inmates at risk for withdrawal problems to be observed and charted every eight hours by medical staff").)[5]

The remaining two alleged policies are, in essence, alleged failures to adopt a policy, namely, the County's alleged failure to "develop written medical protocols on detoxification symptoms necessitating immediate transfer of an inmate to a hospital or other medical facility" (see FAC ¶ 30) and failure "to develop and utilize withdrawal and detoxification protocols that are in accordance with state and federal laws and fall within nationally accepted guidelines" (see FAC ¶ 33).[6]  Where a plaintiff seeks to assert a

---

[4] The medical personnel who interacted with Harding in January 2024 are alleged to be employees of Vituity.  (See FAC ¶ 6.)  Vituity is alleged to have a contract with the County to "provide mental health, medical, and psychiatric services for inmates at the jail."  (See FAC ¶ 5.)

[5] In ¶ 45 of the FAC, Sowash alleges "[t]he County's policies and procedures manual calls for COWS [clinical opiate withdrawal scale] assessments to be conducted twice daily on detoxing inmates" (see FAC ¶ 45), an allegation that contradicts her allegation in ¶ 21 that the County requires such assessments every 8 hours.  In her opposition to the County's motion, Sowash clarifies that she is alleging "the County's policies and procedures . . . required COWS assessments every 8 hours."  (See Pl.'s Opp. to County's Mot. at 17:4.5-6.5.)

[6] In addition to the deficiency discussed hereafter in this section, the latter of the above two alleged policies is, as pleaded, deficient in that any such policy is described as the policy of "defendants."  See id.  Numerous district courts have found, and this Court

3

1  municipal liability claim based on a failure to adopt a policy, the "plaintiff must
2  demonstrate that the official policy [of inaction] evidences a deliberate indifference to his
3  constitutional rights," which "occurs when the need for more or different action is so
4  obvious, and the inadequacy of the current procedure so likely to result in the violation of
5  constitutional rights, that the policymakers can reasonably be said to have been
6  deliberately indifferent to the need."  See Oviatt v. Pearce, 954 F.2d 1470, 1477-78 (9th
7  Cir. 1992) (internal quotation, citation, and alteration omitted).  Here, however, the
8  County, as noted above, has at least two policies specific to persons at risk for
9  withdrawal symptoms (see FAC ¶¶ 21, 31), and Sowash fails to allege any facts to
10 support a finding that the County was aware that those existing policies were inadequate,
11 let alone that a County employee who followed those policies would likely deprive a
12 detainee of his or her constitutional rights.

### 3.  Third Cause of Action

The Third Cause of Action, titled "Violation of 42 U.S.C. Code § 1983 - Fourteenth Amendment – Failure to Train/Supervise Resulting in Deprivation of Medical Care to Plaintiff and Failure to Protect Plaintiff From Harm," is, as discussed below, subject to dismissal as against the County.

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983."  Connick v. Thompson, 563 U.S. 51, 61 (2011).  Where, as here, a plaintiff seeks to base a § 1983 claim on a decision not

---

agrees, that a plaintiff fails to plead sufficient factual content to state a claim against a defendant where a complaint describes the conduct of two or more defendants collectively and includes no factual allegations identifying the conduct in which each defendant engaged.  See, e.g., Sanchez v. Green Messengers, Inc., 2021 WL 5012150, at *2 (N.D. Cal. October 28, 2021) (holding Rule 8 of Federal Rules of Civilo Procedure "requires a plaintiff to differentiate allegations against multiple defendants"; dismissing complaint as "deficient because it fail[ed] to differentiate between the two [named] Defendants"); Eunice v. United States, 2013 WL 756168, at *3 (S.D. Cal. February 26, 2013) (holding "[l]umping all 'defendants' together" fails to "put a particular defendant on notice" as to grounds on which claims are based).

4

to train, the plaintiff must show "[the] municipality's failure to train its employees in a relevant respect . . . amount[s] to deliberate indifference to the rights of persons with whom the untrained employees come into contact," which, in turn, requires a showing that the municipality "disregarded a known or obvious consequence of [its] action." See id. (internal quotations, citations, and alterations omitted).

Here, Sowash alleges the County "had inadequate training/supervision, or no training/supervision at all, at the Jail, to assure that employees/agents provided proper medical care to prisoners" and, additionally, that the County was "aware, or should have been aware, that employees/agents were not adequately trained/supervised to: (1) provide timely access to and delivery of medical care to prisoners when needed and requested; and (2) transport sick individuals to approved facilities for treatment and assessment when necessary." (See FAC ¶¶ 52-53.)  Sowash fails, however, to allege that, prior to Harding's death, any deprivations similar to those she asserts here had occurred; "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." See Connick, 563 U.S. at 62; see also id. at 61 (observing "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train").

### 4. Fourth Cause of Action

The Fourth Cause of Action, titled "Violation of California Government Code § 845.6," a section contained in the Government Claims Act, provides for a claim against a public entity and its employee "if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." See Cal. Gov't Code § 845.6.[7]  As set forth below,

---

[7] A person, such as Harding, who is detained in a jail is a "prisoner" for purposes of the Government Claims Act. See Cal. Gov't Code § 844 (providing "a lawfully arrested person who is brought into a law enforcement facility for the purpose of being booked . . . becomes a prisoner, as a matter of law, upon his or her initial entry into a prison, jail, or penal or correctional facility, pursuant to penal processes")

5

1  Sowash's claim thereunder is subject to dismissal as alleged against the County and the
2  three employees of the County identified in the FAC.

### a. Compliance With Government Claims Act

Subject to exceptions not relevant to the § 845.6 claim Sowash asserts in her capacity as the successor-in-interest to Harding, see Cal. Gov. Code § 905, the Government Claims Act provides that a plaintiff must submit a claim for damages to a public entity prior to a court action asserting state law claims against the entity, see Cal. Gov. Code § 945.4.  "[A] failure to allege facts demonstrating or excusing compliance with the claim presentation requirements subjects a claim against a public entity to a demurrer for failure to state a cause of action." State of California v. Superior Court, 32 Cal. 4th 1234, 1239 (2004).  As the FAC does not include an allegation that Sowash presented Harding's survival claims to the County, the Fourth Cause of Action is subject to dismissal as against the County.  Further, as said argument applies equally to the three defendants who are alleged to be public employees, see Cal. Gov. Code § 950.2 (providing claim must be submitted to public entity prior to filing suit against "public employee"), the Fifth Cause of Action likewise is subject to dismissal as against Christina Corpus ("Corpus"), Wahed Rahimi ("Rahimi"), and Rick Galarza ("Galarza"), see Silverton v. Department of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding district court may "dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related").

Although the County acknowledges that a "Claim Against the County of San Mateo" was, in fact, submitted to the County by Sowash on July 11, 2024 (see County's Req. for Judicial Notice Ex. 1),[8] it argues, in essence, that affording Sowash leave to

---

[8] The County's unopposed motion for judicial notice of the above-referenced claim form is hereby GRANTED.  See Varo v. Los Angeles County Dist. Attorney's Office, 473 F. Supp. 3d 1066, 1070-71 (C.D. Cal. 2019) (taking judicial notice of contents of government claim).

amend to allege compliance with the claim presentation requirement would be futile due to asserted deficiencies in the claim Sowash submitted. As set forth below, the Court disagrees.

First, the County argues, the claim form was not submitted on behalf of Harding's "Estate," but only on behalf of Sowash in her individual capacity, noting the form was signed "for Shannon Sowash" by an attorney, Brian Lance (see County's Req. for Judicial Notice Ex. 1), who the County appears to suggest does not represent the Estate. The section of the form titled "Claimant's Name," however, identifies the "Claimant" as "Shannon Sowash, Individually & as Successor In Interest to Anthony Harding," and states said "Claimant" is represented by Brian Lance, as well as another attorney (see id.), thus providing notice that Sowash, through counsel, is asserting claims both on her own behalf and on behalf of Harding's estate. Additionally, the "Itemization of Claim" section lists not only "Wrongful Death" (see id.), a claim that can only be brought in Sowash's individual capacity, but also lists "Pre Death Pain and Suffering" (see id.), i.e., a survival claim, which can only be brought on behalf of Harding's estate. Further, in the section of the form in which the claimant is directed to state the "particular action by the County or its employees [that] caused the alleged damage or loss," Sowash is identified as "Mother and Next of Kin to Anthony Harding" (see id.), again providing notice that she is asserting both a claim in her individual capacity and a claim on behalf of Harding's estate.

Under such circumstances, the Court finds the County had sufficient notice that Sowash was seeking to recover, on behalf of Harding's estate, damages based on pain and suffering Harding assertedly experienced prior to his death. See White v. Moreno Valley Unified Sch. Dist., 181 Cal. App. 3d 1024, 1031 (1986) (holding "test" to determine whether claim form submitted to public entity discloses cause of action asserted in court complaint is "whether sufficient information is disclosed on the face of the filed claim to reasonably enable the public entity to make an adequate investigation of the merits of the

claim and to settle it without the expense of a lawsuit").[9]

Next, the County argues the claim form was untimely, citing the requirement that a "claim relating to a cause of action for death or for injury to [a] person" must be presented to the public entity "not later than six months after the accrual of the cause of action." See Cal. Gov't Code § 911.2(a). Here, the County notes, Sowash's claim form was submitted to the County on July 11, 2024, and the "Date of Incident" is listed as "01/14/2023" (see County's Req. for Judicial Notice Ex. 1), a date almost a year and half after the incident. In the section of the form asking "[w]hat particular action by the County or its employees caused the alleged damage or injury," however, the following answer is provided: "[Harding] died from fentanyl withdrawl [sic] while incarcerated at Maguire Correctional Facility on January 14, 2024[;] [t]he San Mateo County Sheriff's Office and San Mateo County Health Services failed to monitor, provide, and summon care to Anthony Harding[,] [which] failure to provide care to Anthony Harding resulted in his death." (See id.) January 14, 2024, is a date within the requisite six-month period. Given the above-described discrepancy, the County, at a minimum, should have realized that either "2023" or "2024" was a typographical error, and the County does not suggest that, as a result thereof, it was unable to "adequately investigate [the] claims and settle them, if appropriate," which is the "purpose" of the claim presentation requirement. See Stockett v. Ass'n of Cal. Water Agencies State Powers Ins. Authority, 34 Cal. 4th 441, 446 (2004).

Lastly, the County argues the facts alleged in support of the Fourth Cause of Action are not fairly reflected in the claim form. See id. at 447 (holding "facts underlying

---

[9] The cases cited by the County are distinguishable, as they involve claim forms in which only one claimant was identified whereas in the subsequent civil action a second individual or entity not mentioned in the claim form attempted to rely on it for purposes of satisfying the claim presentation requirement. See, e.g., Nelson v. County of Los Angeles, 113 Cal. App. 4th 783, 796-97 (2003) (affirming dismissal of survival claims for failure to satisfy claim presentation requirement, where no claim form was submitted by estate and, in claim form submitted by decedent's mother, "there [was] nothing . . . to suggest it was filed in anything other than her individual capacity"; noting claim form referred solely to mother's alleged injuries, i.e., "the loss of a son").

each cause of action in the complaint must have been fairly reflected in a timely claim"). In particular, the County argues, "the FAC itself includes new facts which were never mentioned in the [claim form]." (See County's Mot. at 25:11.)

As noted, the form submitted on behalf of Sowash states, in relevant part, that Harding, while incarcerated, was undergoing "fentanyl withdrawal," that the "San Mateo County Sheriff's Office . . . failed to . . . summon care to Anthony Harding," and that he experienced "[p]re [d]eath [p]ain and [s]uffering" as a result. (See Def.'s Req. for Judicial Notice Ex. 1.) Although the claim form lacks the type of factual allegations necessary to state a cognizable claim in court, "a claim [form] need not contain the detail and specificity required of a pleading," see Stockett, 34 Cal. 4th at 446, and "[a] complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an entirely different set of facts," see id. at 447 (internal quotation and citation omitted). "Only where there has been a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim, have courts generally found the complaint barred." Id. As the allegations in support of the Fourth Cause of Action are not based on conduct by employees other than those working in the Jail or on conduct other than a failure to summon medical care to address Harding's fentanyl withdrawal symptoms, the Court finds the Fourth Cause of Action fairly reflects the claim generally set forth in the claim form.

In sum, although the Fourth Cause of Action is subject to dismissal for failure to plead compliance with the claim presentation requirement, affording Sowash leave to amend to allege the requisite compliance would not be futile, unless said Cause of Action is subject to dismissal without leave to amend on other grounds. The Court next addresses the County's arguments as to other grounds.

### b. Dismissal for Failure to State a Claim

The County argues that the Fourth Cause of Action is subject to dismissal for the additional reason that Sowash fails to allege a cognizable claim, on the asserted ground

1    that the FAC does not allege facts to support a finding that "a public employee" of the
2    County "[knew] or ha[d] reason to know" Harding was "in need of immediate medical care
3    and fail[ed] to take reasonable action to summon such medical care." (See County's Mot.
4    at 26:3-7 (quoting Cal. Gov't Code § 845.6).) Although, as the County correctly
5    observes, the FAC includes no factual allegations to support a finding that Corpus knew
6    or had any reason to know anything about Harding, the County is not entitled to dismissal
7    for failure to state a claim, as allegations contained in ¶¶ 22 and 23 of the FAC are
8    sufficient to plead that two other public employees, in particular, Rahimi and Galarza,
9    had, at a minimum, reason to know Harding was in need of immediate medical care and
10   took no action to summon it.[10]

In particular, the FAC alleges that, at "approximately 6:23 a.m." on January 14, 2024, Rahimi and Galarza were "conduct[ing] a food pass" and entered Harding's cell (see FAC ¶ 22), that when they turned on the light in the cell, they received "no physical or verbal response" from Harding [and] saw him "lying on his bunk, unresponsive, with urine and probably vomit on the floor" (see id.), that Rahimi told Galarza that Harding "was not looking good" (see FAC ¶ 23), and that Rahimi and Galarza "failed to alert medical staff" of Harding's condition (see id.).

### c. Dismissal on Ground of Immunity

The County argues it is entitled to immunity under four statutes. As discussed below, however, the FAC does not include facts to support a finding that any of those statutes provides the County with immunity as to a claim under § 845.6.

First, the County cites § 820.2 of the Government Code, which provides that, "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise

---

[10] A public entity's liability under § 845.6 is "vicarious," see Lawson v. Superior Court, 180 Cal. App. 4th 1372, 1382 (2010), and, consequently, the Court considers whether Sowash has alleged facts sufficient to support a finding that a public employee has violated § 845.6.

10

of the discretion vested in him, whether or not such discretion be abused." See Cal. Gov't Code § 820.2.  Section 845.6, however, provides otherwise and sets forth a mandatory duty, as it expressly states a public employee "is liable" if such employee knows or has reason to know that a prisoner is in need of immediate medical care and fails to take reasonable action to summon such medical care.  See Cal. Gov. Code § 845.6.

Next, the County cites § 855.6 of the Government Code, which provides that, "[e]xcept for an examination or diagnosis for the purpose of treatment, neither a public entity nor a public employee acting within the scope of his employment is liable for injury caused by the failure to make a physical or mental examination, or to make an adequate physical or mental examination, of any person for the purpose of determining whether such person has a disease or physical or mental condition that would constitute a hazard to the health or safety of himself or others."  See Cal. Gov't Code § 855.6.  Sowash does not allege, however, a claim based on a theory that Rahimi or Galarza failed to conduct an examination, or conducted an inadequate examination, for the purpose of determining whether Harding had a disease or condition that would constitute a hazard to the health or safety of himself or to others.  Rather, her claim is based on the theory that, whatever the cause, Harding was clearly in distress and they failed to take appropriation action.

Additionally, the County cites § 855.8 of the Government Code, which provides that "[n]either a public entity nor a public employee acting within the scope of his employment is liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental illness or addiction or from failing to prescribe for mental illness or addiction," see Cal. Gov't Code § 855.8(a), and that "[a] public employee acting within the scope of his employment is not liable for administering with due care the treatment prescribed for mental illness or addiction," see Cal. Gov't Code § 855.8(b). Sowash does not allege, however, that Rahimi or Galarza had any involvement in or responsibility for determining whether Harding had a mental illness or addiction, or that either of them failed to prescribe medication for such conditions.

11

Lastly, the County cites § 856 of the Government Code, which provides that "[n]either a public entity nor a public employee acting within the scope of his employment is liable for any injury resulting from determining in accordance with any applicable enactment: (1) [w]hether to confine a person for mental illness or addiction[;] (2) [t]he terms and conditions of confinement for mental illness or addiction[;] [or] (3) [w]hether to parole, grant a leave of absence to, or release a person confined for mental illness or addiction," see Cal. Gov't Code § 856(a), and that "[a] public employee is not liable for carrying out with due care [such] a determination," see Cal. Gov't Code § 856(b). Sowash does not allege, however, that Rahimi or Galarza, pursuant to any "enactment" or otherwise, made any of the determinations set forth in § 856(a).

### 5. Fifth Cause of Action

The Fifth Cause of Action asserts a claim for "Professional Negligence."

For the reasons stated above, the claim, to the extent asserted against the County, Corpus, Rahimi, and Galarza, is subject to dismissal for failure to allege compliance with the claim presentation requirement in the Government Claims Act.

Additionally, Sowash has not identified any statutory basis for such claim, as is required to state a claim against the County. See Cal. Gov't Code § 815 (providing that, "[e]xcept as otherwise provided by statute[,] . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person") (emphasis added). Consequently, for this additional reason, the Fifth Cause of Action is subject to dismissal to the extent asserted against the County.[11]

//

---

[11] As a statutory basis for the Fifth Cause of Action has not been identified, the Court does not address herein the County's additional argument that Sowash fails to state sufficient facts to state a claim. Additionally, the Court finds the County lacks standing to argue the three public employees named in the FAC are entitled to dismissal in light of the applicable statute of limitations. See In re Grand Jury Subpoenas Dated December 10, 1987, 926 F.2d at 852 (finding movant "lack[ed] standing to challenge" subpoena served on another individual).

### 6. Punitive Damages

The FAC's prayer for relief includes a claim for punitive damages. (See FAC, prayer ¶ 4.) The County argues, and Sowash "concedes" (see Pl.'s Opp. to County's Mot. at 25:25), punitive damages are not available against the County. Consequently, such claim is subject to dismissal as against the County.

### 7. Attorney's Fees

The FAC's prayer for relief includes a claim for attorneys' fees (see FAC, prayer at 13:13-14), which claim, the County argues, should be dismissed. As set forth below, the Court agrees.

First, to the extent Sowash's claim for fees is brought pursuant to § 42 U.S.C. 1988, which statute provides a court with discretion to award fees in § 1983 cases, the claim is subject to dismissal for the reason that Sowash has failed to state a cognizable claim against the County under § 1983. Additionally, to the extent Sowash's claims for fees are brought pursuant to 42 U.S.C. § 12205 and § 52 of the California Civil Code, which statutes, respectively, provide a court with discretion to award fees in cases brought under the Americans with Disabilities Act ("ADA") and the Bane Act, her claims for fees are subject to dismissal, as Sowash has not asserted any ADA or Bane Act claims, and, consequently, said dismissal applies equally to Corpus, Rahimi, and Galarza. See Silverton, 644 F.2d at 1341.

### B. Vituity Defendants' Motion to Dismiss

#### 1. First, Second, and Third Causes of Action

As noted, Sowash asserts, as the First through Third Causes of Action, claims under § 1983. The Vituity Defendants argue the FAC lacks facts to support any § 1983 claims against either of them. As set forth below, the Court agrees.

A private party that contracts with the government to provide "medical treatment of prison inmates" acts under color of state law. See West v. Atkins, 487 U.S. 42, 54 (1988). Where the private party is an entity, liability under § 1983 requires a showing that "an official policy, custom, or pattern on the part of [the private party] was the actionable

13

1  cause of the claimed injury." See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1143 (9th
2  Cir. 2012) (internal quotation and citation omitted).  As Vituity Defendants correctly
3  observe, the FAC does not identify any policy, custom, or pattern on the part of Vituity, let
4  alone facts to show that such a policy, custom, or pattern caused Harding's injuries.[12]

5  A physician who is not an employee of a government entity acts under color of
6  state law for purposes of § 1983 when providing medical services to prisoners.  See
7  West, 487 U.S. at 54.  Although Sowash alleges Dr. Hersk is a physician who works at
8  the Jail as an employee of Vituity (see FAC ¶ 6), the FAC includes no factual allegations
9  that Dr. Hersk played a role in deciding the medical care that Vituity would or would not
10 provide to Harding.  Additionally, to the extent Sowash alleges Dr. Hersk failed to
11 adequately train and supervise others working at the Jail, the Third Cause of Action is
12 subject to dismissal for the reasons set forth above with respect to the County.

### 2. Fourth Cause of Action

As noted, the Fourth Cause of Action alleges a violation of § 845.6, which provides that  "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." See Cal. Gov't Code § 845.6 (emphasis added).

The Vituity Defendants argue that a claim under § 845.6 cannot be stated against them because Vituity is not a public entity and neither Vituity nor Dr. Hersk is a public employee.  The Court agrees, and will dismiss the Fourth Cause of Action as against the Vituity Defendants, as well as against the five registered nurses who are named as defendants and alleged to be employees of Vituity.  (See FAC ¶ 6 (identifying Nicole Schumacher ("Schumacher"), Henry Garcia ("Garcia"), Jeanne Bernavage

---

[12] To the extent Sowash, in describing the policy in ¶ 33 of the FAC as a policy of "defendants," asserts the policy is that of Vituity, such claim fails for the reasons set forth above with respect to the County, namely, that the FAC lacks facts to show Vituity was aware its policy was likely to deprive detainees of their constitutional rights.

14

("Bernavage"), Allison Chen ("Chen"), and Layla Shawasheh ("Shawasheh") as nurses employed by Vituity who worked at Jail)); Silverton, 644 F.2d at 1345.

Specifically, a "public entity" is defined in the Government Claims Act as "the state, the Regents of the University of California, the Trustees of the California State University and the California State University, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State," see Cal. Gov't Code § 811.2, none of which describe Vituity. Further, Vituity, Dr. Hersk, and the five nurses employed by Vituity cannot be described as public employees, as the term "public employee" is defined as "an employee of a public entity," see Cal. Gov't Code § 811.4, and "does not include an independent contractor," see Cal. Gov't Code § 810.2.

### 3. Fifth Cause of Action

As noted, the Fifth Cause of Action asserts a claim of professional negligence. The Vituity Defendants contend Sowash has failed to sufficiently allege any such claim against either of them.

To the extent the Fifth Cause of Action is asserted against Dr. Hersk, the Court agrees. As discussed above, the FAC does not include factual allegations that Dr. Hersk played a role in the medical services provided to Harding, meaning she cannot be found to have breached a professional standard with regard to services provided or not provided to Harding.

To the extent the Fifth Cause of Action is asserted against Vituity, however, the Court disagrees. The sole argument made by the Vituity Defendants with respect to Vituity itself is that, in the absence of an alleged cognizable professional negligence claim against Dr. Hersk, Sowash likewise fails to state a claim against Vituity, Dr. Hersk's employer. The FAC, however, alleges the five nurses employed by Vituity "breached the applicable medical and professional standards of care owed to . . . Harding in the care and treatment he received" (see, e.g., FAC ¶¶ 11-21, 24-26, 31 (identifying alleged acts

and/or omissions on part of five nurses)),[13] and Vituity is vicariously liable should the trier of fact find the nurses were professionally negligent in the course of their employment, see Perez v. Van Groningen & Sons, 41 Cal. 3d 962, 967 (1986) (holding "an employer is vicariously liable for his employee's torts committed within the scope of the employment").

**4. Punitive Damages**

As noted, the FAC's prayer for relief includes a claim for punitive damages. The Vituity Defendants argue such claim is subject to dismissal.

With respect to Dr. Hersk, the Court agrees, as no substantive claim has been stated against her.

With respect to Vituity, as to whom the Court will allow the Fifth Cause of Action to proceed, the Vituity Defendants argue the Court should require Sowash to follow the procedure set forth in § 425.13 of the Code of Civil Procedure.[14] The Court disagrees.

Under the cited statute, "[i[n any action for damages arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed," and "the court may allow the filing of an amended pleading claiming punitive damages on a motion by the party seeking the amended pleading and on the basis of the supporting and opposing affidavits presented that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the claim." See Cal. Code Civ. Proc. § 425.13(a). The Court, however, finds persuasive those district courts that have found § 425.13(a) does not

---

[13] There being no argument by Vituity Defendants that Sowash has failed to allege any acts of professional negligence by those five nurses, or any of them, the Court assumes, for purposes of the instant motion only, Sowash's allegations are sufficient.

[14] The Vituity Defendants do not rely on § 3294(b) of the Civil Code, which section limits the circumstances under which an employer can be held liable for punitive damages. (See Vituity Defs.' Mot. at 26:14-26 (quoting Civil Code §§ 3294(a) and 3294(c), but not § 3294(b)).)

16

apply in federal court, as it is a procedural rule "for managing and directing pleadings" and conflicts with Rule 8(a)(3), which states a complaint "must contain," inter alia, "a demand for the relief sought, which may include relief in the alternative or different types of relief." See Scalia v. County of Kern, 308 F. Supp. 3d 1064, 1091 (E.D. Cal. 2018) (internal quotations and citations omitted).

### 5. Treble Damages

The FAC's prayer for relief includes a claim for treble damages (see FAC, prayer ¶ 5), which claim the Vituity Defendants argue is subject to dismissal. The Court agrees, given that, as the Vituity Defendants point out and Sowash fails to address in her opposition, none of the claims in the FAC provide for treble damages. Said dismissal will apply to Vituity and each of its employees. See Silverton, 644 F.2d at 1345.

## CONCLUSION

For the reasons stated above:

1. The County's motion to dismiss is hereby GRANTED, as follows:

    a. The First, Second, and Third Causes of Action, as well as the claim for punitive damages and the claim for attorneys' fees under § 1988, are DISMISSED to the extent asserted against the County.

    b. The Fourth and Fifth Causes of Action, as well as the claims for attorneys' fees under the ADA and the Bane Act, are DISMISSED to the extent asserted against the County, Corpus, Rahimi, and Galarza.

2. The Vituity Defendants' motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

    a. The FAC is DISMISSED in its entirety as to Dr. Hersk.

    b. The First through Fourth Causes of Action, as well as the claim for treble damages, are DISMISSED to the extent asserted against Vituity.

    c. The Fourth Cause of Action and the claim for treble damages are DISMISSED to the extent asserted against Schumacher, Garcia, Bernavage, Chen, and Shawasheh.

      d.  To the extent the Fifth Cause of Action and the claim for punitive damages are asserted against Vituity, the motion is DENIED.

    3.  Sowash is hereby afforded leave to file a Second Amended Complaint to cure the deficiencies identified above and/or for the purpose of otherwise amending the claims asserted in the FAC.  Any such amended pleading shall be filed no later than January 30, 2026.  If Sowash elects to amend, however, she may not add any new defendants or new claims without first obtaining leave of court.  See Fed. R. Civ. P. 15(a)(2).

    4.  In light of the above, the Case Management Conference, presently scheduled for February 20, 2026, is hereby CONTINUED to May 15, 2026, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than May 8, 2026.

**IT IS SO ORDERED.**

Dated: January 9, 2026

MAXINE M. CHESNEY
United States District Judge